IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NOS. 02-394-1 |
| | : | 02-420-3 |
| MARK MITCHELL | : | CIVIL NO. 10-991 |

**MEMORANDUM AND ORDER**

BUCKWALTER, S. J.                                                                                           April 22, 2010

      According to the government's response, on September 23, 2005, the defendant pled guilty to distributing 126 grams of cocaine (Indictment No. 02-420), conspiring to make false statements in connection with the purchase and attempted purchase of 69 handguns from federally-licensed firearm dealers in Philadelphia, dealing in firearms without a license, and the possession of firearms by a convicted felon (Indictment No. 02-420).

      On August 3, 2005, after granting the government's 5K1.1 motion, the district court sentenced Mitchell to a term of imprisonment of 84 months. (His mandatory Guideline range was 360 months to life imprisonment, based on offense level 38, Criminal History Category V. See PSIR at ¶ 153.

      Mitchell did not file an appeal. He now seeks relief under 28 U.S.C. § 2255, contending that because one of the convictions which was used to calculate his criminal history was recently vacated, his criminal history score, and therefore his Guideline range, would have been reduced. See, e. g., United States v. Doe, 239 F.3d 473, 475 (2d Cir. 2001) (defendant who

successfully attacks state conviction may seek habeas review of a federal sentence that was enhanced by the state conviction).

If the prior conviction that the defendant successfully challenged, his 1994 drug conviction in New Jersey, were excluded from his criminal history computation, his mandatory Guideline range, from which the Court would have departed, would be reduced to 324-405 months, at offense level 38, Criminal History Category IV. See PSIR, ¶¶ 113, 120.

Mitchell is currently incarcerated at FCI Schuylkill. He is scheduled to be released on June 26, 2010.

The petition was filed on March 8, 2010. The defendant was required to file his 2255 petition within one year of the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 2 U.S.C. § 2255.

The defendant's conviction became final in 2005. He filed his petition in 2010. The time for filing his Section 2255 petition expired in 2006.

Because I agree with the government's argument that the petition was untimely and is not subject to equitable tolling because petitioner has failed to show that he diligently

2

pursued his rights and that some extraordinary circumstances stood in his way, I will enter the following order:

**AND NOW**, this 22nd day of April, 2010, it is hereby **ORDERED** that petitioner's habeas corpus motion under 28 U.S.C. § 2255 (Docket No. 387) is **DENIED**. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealabilitly will be issued.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.